# EXHIBIT A

Steven C. Vosseller  (SBN 211265)
Vosseller Law Firm
501 West Broadway, Suite 1510
San Diego, CA 92101
Telephone: (858) 429-4062
Facsimile:  (858) 430-2732

Attorney for Plaintiff Michael Tagwerker

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/24/2023** at 04:33:37 PM

Clerk of the Superior Court
By Gabriel Lopez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO – CENTRAL DIVISION

MICHAEL TAGWERKER,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC; FUZHOU FEIWO TRADING COMPANY, LTD; ELENKERWALKER.COM; IMAGINELIFE; FLYWORLD, LLC;  and DOES 1 through 20,

Defendants.

Case No.   37-2023-00046245-CU-PL-CTL

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1. **Strict Product Liability**

2. **Negligence**

IMAGED FILE

Plaintiff Michael Tagwerker alleges the following against Defendants Amazon.com Services, LLC; Fuzhou Feiwo Trading Company, LTD; ElenkerWalker.com; ImagineLife; Flyworld, LLC; and DOES 1 through 20. All allegations are based upon Plaintiff's information and belief.

## JURISDICTION AND PARTIES

1.    The incident giving rise to this complaint occurred in the County of San Diego, State of California.

2.    Plaintiff Michael Tagwerker is an adult and a resident of San Diego County, State of California.

3.    Defendant Amazon.com Services, LLC ("Amazon") is a business entity authorized to conduct business in California. At all times relevant to this action, Amazon conducted business in the County of San Diego, State of California.

-1-

COMPLAINT

4. Defendant Fuzhou Feiwo Trading Company, LTD ("FFTC") is an entity with a principal place of business in California and conducting business in California.

5. Defendant ElenkerWalker.com is an entity with a principal place of business in California and conducting business in California.

6. Defendant ImagineLife is an entity with a principal place of business in California and conducting business in California.

7. Defendant Flyworld, LLC is an entity with a principal place of business in California and conducting business in California

8. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 20 and, in accordance with California Code of Civil Procedure Section 474, Plaintiff therefore sues these Defendants by the fictitious names of DOES 1 through 20. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of the fictitiously-named Defendants when their true identities and capacities become known to Plaintiff.

9. Defendants DOES 1 through 20 are responsible in some manner –either by act or omission, strict liability, fraud, negligence or otherwise– for the events and happenings alleged in this complaint and thus caused harm to Plaintiff.

10. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times each Defendant, including DOES 1 through 20, was the agent, ostensible agent, servant, representative, partner or employee of each of the co-defendants, and, in doing the things herein mentioned, was acting within the course and scope of their authority as such agent, ostensible agent, servant, representative, partner or employee of each of their co-defendants, and/or with the consent, knowledge or ratification of their co-defendants.

## THE DEFECTIVE KNEE SCOOTER

11. Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20's business activities include developing, designing, licensing, manufacturing, distributing, marketing, and selling knee scooters, including a knee scooter known as the Elenker Model JG-9155.

12. Knee scooters help adults recovering from injuries or surgeries to the lower leg, ankle, or foot. A knee scooter allows the user to move around without bearing weight on the lower leg, ankle,

-2-

COMPLAINT

or foot. The user rests the bent knee of the impaired leg on a knee cushion while using the healthy leg to propel the scooter.

13. The Elenker Model JG-9155 knee scooter features removable front wheels. When the front wheels are installed in the frame of the knee scooter, a quick release clamp is intended to keep the wheels securely affixed to the knee scooter. But, the quick release clamp fails to keep the front wheels affixed to the knee scooter and, thus, renders the Elenker Model JG-9155 knee scooter unsafe, dangerous, and defective. Specifically, the front wheels of the Elenker Model JG-9155 are prone to separating from the knee scooter's frame while in use, which causes the user to lose balance and fall.

## DEFENDANTS DISTRIBUTED AND SOLD THE DEFECTIVE KNEE SCOOTER

14. Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20 sold, supplied, or otherwise distributed Elenker Model JG-9155 knee scooters to Defendants Amazon and DOES 1 through 10 so that the knee scooters could be marketed, distributed, sold, packaged, shipped, and delivered to customers through the amazon.com website. In anticipation of such sales, Defendants Amazon and DOES 1 through 10 stored the knee scooters in warehouses owned or controlled by Defendants Amazon and DOES 1 through 10.

15. At all relevant times, Defendants Amazon and DOES 1 through 10 were engaged in the business of marketing, distributing, and selling products through their website, amazon.com. Amazon and DOES 1 through 10's website is the world's most popular e-commerce website. In the internet age, their website is "the world's largest store".

16. Defendants Amazon and DOES 1 through 10 marketed and made Elenker Model JG-9155 knee scooters available for purchase through their website, amazon.com.

17. Defendants Amazon and DOES 1 through 10 placed themselves in the chain of distribution of the defective Elenker Model JG-9155 knee scooters.

18. In August of 2022, Mr. Tagwerker was recovering from a stress fracture in his right foot. On August 9, 2022, Mr. and Mrs. Tagwerker purchased an Elenker Model JG-9155 knee scooter through Defendants Amazon and DOES 1 through 10's website, amazon.com. The purchase entailed:

    a. logging-on to Mrs. Tagwerker's amazon.com account;

    b. searching amazon.com for knee scooters;

11-18-2023                                    4A2311K4KN80001                                    6020231118002515

c.  selecting an Elenker Model JG-9155 knee scooter and placing that product in Mrs. Tagwerker's "shopping cart" in her amazon.com account; and

d.  using Mr. and Mrs. Tagwerker's credit card to pay the purchase price to Defendants Amazon and DOES 1 through 10 through their website.

19.  Defendants Amazon and DOES 1 through 10 controlled every phase of the transaction through their website.

20.  Immediately after the purchase, Defendants Amazon and DOES 1 through 10 selected an Elenker Model JG-9155 knee scooter from the inventory stored Defendants Amazon and DOES 1 through 10's warehouses, prepared that Elenker Model JG-9155 knee scooter for shipment in Amazon-branded packaging, and delivered one Elenker Model JG-9155 knee scooter (the Subject Knee Scooter) to Mr. and Mrs. Tagwerker's home in San Diego County, California.

21.  After the purchase was completed, Defendants Amazon and DOES 1 through 10 paid a portion of the purchase payment to Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20.

**THE SCOOTER FAILURE AND MR. TAGWERKER'S INJURIES**

22.  Once Mr. Tagwerker received the Subject Knee Scooter, he began using the Subject Knee Scooter in the County of San Diego, State of California.

23.  At all times, Mr. Tagwerker used the Subject Knee Scooter in the manner intended by Defendants or in a manner that was reasonably foreseeable by Defendants.

24.  While Mr. Tagwerker used the Subject Knee Scooter, it was in substantially the same condition as when it left Defendants' possession.

25.  On August 23, 2022, Mr. Tagwerker was using the Subject Knee Scooter in San Diego County. While Mr. Tagwerker using the Subject Knee Scooter that day, the front left wheel of the Subject Knee Scooter unexpectedly separated from the frame, causing Mr. Tagwerker to lose his balance and fall to the ground.

26.  Mr. Tagwerker was injured in the incident. His injuries include a tear to his left rotator cuff and neck injuries. He underwent shoulder surgery and will undergo additional surgeries in the future. In addition to physical pain and injuries, the incident caused Mr. Tagwerker to suffer mental

-4-

COMPLAINT

and emotional distress. Plaintiff does not know the reasonable value of the past or future medical and incidental expenses and will prove the value of such losses at trial.

### FIRST CAUSE OF ACTION – STRICT PRODUCT LIABILITY

#### (Alleged Against All Defendants)

27. Plaintiff incorporates by reference all of the allegations in all preceding paragraphs, as though fully stated in this cause of action.

28. Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20 developed, designed, licensed, manufactured, distributed, marketed, and sold the Subject Knee Scooter.

29. Defendants Amazon and DOES 1 through 10 marketed, distributed, and controlled the sale of the Subject Knee Scooter. For example, Defendants Amazon and DOES 1 through 10:

    a. constructed and operated the amazon.com website;

    b. attracted potential buyers, including Mr. and Mrs. Tagwerker, to amazon.com;

    c. marketed, listed, and displayed the Elenker Model JG-9155 knee scooter and the Subject Knee Scooter for sale on amazon.com;

    d. accepted possession of the Subject Knee Scooter from Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20;

    e. stored the Subject Knee Scooter in a warehouse that was owned or controlled by Defendants Amazon and DOES 1 through 10;

    f. charged Mr. and Mrs. Tagwerker for the purchase price of the Subject Knee Scooter;

    g. accepted Mr. and Mrs. Tagwerker's payment for the Subject Knee Scooter;

    h. retrieved the Subject Knee Scooter from Defendants Amazon and DOES 1 through 10's warehouse;

    i. prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

    j. delivered the Subject Knee Scooter to Mr. and Mrs. Tagwerker's home.

30. Defendants Amazon and DOES 1 through 10 were an integral part of the overall producing and marketing enterprise of the Elenker Model JG-9155 knee scooter and the Subject Knee Scooter. Defendants Amazon and DOES 1 through 10 were an integral part of the chain of distribution

-5-

COMPLAINT

of the Subject Knee Scooter.

31.     When the Subject Knee Scooter left Defendants' control, the product was defective, unsafe, dangerous, and unsuitable for use. The design of the quick release clamp was inadequate to keep the front wheels affixed to the knee scooter during reasonably foreseeable use.

32.     Defendants knew the Elenker Model JG-9155 knee scooter and the Subject Knee Scooter would be purchased and used by the general public without inspection for defects.

33.     The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended use.

34.     Defendants knew and intended that the Elenker Model JG-9155 knee scooter and the Subject Knee Scooter would be purchased and used by members of the general public who would rely on Defendants to develop, design, license, manufacture, distribute, market and sell a safe product and to transmit any relevant warnings about the product. Defendants failed to warn, or provided inadequate warnings, thereby causing the Elenker Model JG-9155 knee scooters and the Subject Knee Scooter to be dangerous and unsafe to persons using it, including Mr. Tagwerker.

35.     At all times relevant to this action, the Subject Knee Scooter was used in the manner in which it was intended to be used. Any misuse, at any time, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendants.

36.     As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Mr. Tagwerker was injured when the front left wheel separated from the Subject Knee Scooter, as alleged above.

## SECOND CAUSE OF ACTION - NEGLIGENCE

### (Alleged Against All Defendants)

37.     Plaintiff incorporates by reference all of the allegations in all preceding paragraphs, as though fully stated in this cause of action.

38.     Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20 owed a duty to the general public –including Mr. Tagwerker– to use reasonable care when developing, designing, licensing, manufacturing, distributing, marketing, and selling the Elenker Model JG-9155 knee scooters and the Subject Knee Scooter so that others would not be exposed to a

-6-

COMPLAINT

foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

39.    Defendants Amazon and DOES 1 through 10 owed a duty to the general public –including Mr. Tagwerker– to properly inspect and test the Elenker Model JG-9155 knee scooter and the Subject Knee Scooter and to use reasonable care to protect consumers against a foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter. Defendants owed a duty to the general public –including Mr. Tagwerker– to not market, sell, package, label, or distribute products that were dangerous, unsafe, and defective. Defendants also owed a duty to the general public –including Mr. Tagwerker– to warn of the dangerous propensities of the Subject Knee Scooter.

40.    At all times relevant to this action, Defendants knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was of such a nature that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, prepared, and sold.

41.    Defendants FFTC; ElenkerWalker.com; ImagineLife; Flyworld, Inc.; and DOES 11 through 20 breached their duty and negligently developed, designed, licensed, manufactured, distributed, marketed, and sold the Subject Knee Scooter. The Subject Knee Scooter was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

42.    Defendants Amazon and DOES 1 through 10 breached their duty and negligently inspected, tested, packaged, labeled, distributed, marketed, prepared, and sold the Subject Knee Scooter. Defendants failed to use reasonable care to protect consumers, including Mr. Tagwerker, against injuries caused by the Subject Knee Scooter.

43.    Defendants failed to warn of the dangerous propensities of the Subject Knee Scooter.

44.    As a result of Defendants' breaches of these duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

45.    Defendants knew, or through the exercise of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use. But, Defendants failed to warn Mr. Tagwerker of the dangerous and unsafe attributes of the Subject Knee Scooter.

/ / /

-7-

COMPLAINT

46.    As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Mr. Tagwerker was injured when the front left wheel separated from the Subject Knee Scooter, as alleged above.

## RELIEF SOUGHT

Plaintiff Michael Tagwerker seeks judgment against each Defendant as follows:

1.    For economic damages, including but not limited to, past medical expenses;

2.    For non-economic damages;

3.    For pre-judgment interest according to proof;

4.    For costs incurred in this litigation; and

5.    For any other relief that the court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Code of Civil Procedure section 631, Plaintiff demands a jury trial for all issues in this litigation that may be submitted to a jury trial.

Dated: October 24, 2023                          VOSSELLER LAW FIRM

_____
Steven C. Vosseller
Attorney for Plaintiff Michael Tagwerker

-8-

COMPLAINT